# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

**LEANN SPENCER,**

    **Plaintiff,**

v.                                                                              **CIVIL ACTION NO:** 2:25-cv-00569

                                                                                **Judge:** _____

**MOUNTAIN COVE, INC. and**
**AMERICAN-CANADIAN EXPEDITIONS,**
**LTD., d/b/a ACE ADVENTURE RESORT,**

    **Defendant.**

## COMPLAINT

COMES NOW the Plaintiff, Leann Spencer, by and through counsel, J. Ryan Stewart, Jayson T. Hamrick, and Bailey, Javins & Carter, L.C., and hereby states the following for her Complaint against American-Canadian Expeditions, Ltd. d/b/a ACE Adventure Resort:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Leann Spencer ("Plaintiff" or "Ms. Spencer") is a citizen and resident of Oak Hill, Jackson County, Ohio.

2. Defendant Mountain Cove, Inc. ("Mountain Cove") is a West Virginia chartered corporation which maintains its principal place of business at 1 Concho Road, Minden West Virginia 25879, and regularly conducts business in Fayette County, West Virginia, and has ownership of the land on which a waterpark ("ACE Waterpark") is located in Fayette County, West Virginia, and has operational responsibility and authority over ACE Waterpark.

3. Defendant American-Canadian Expeditions, Ltd. d/b/a ACE Adventure Resort ("ACE") is a West Virginia chartered corporation which maintains its principal place of business

at 1 Concho Road, Minden West Virginia 25879, and has ownership and operational responsibility over ACE Waterpark.

4. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over the parties and claims asserted in this action as the parties are citizens and residents of different states and the amount in controversy exceeds $75,000.00.

5. Pursuant to 28 U.S.C. § 1391, the United States District Court for the Southern District of West Virginia, Charleston Division, is an appropriate venue for this action as the incident that forms the basis for this civil action and the cause of action arose in Fayette County, West Virginia.

6. Mountain Cove and ACE ("Defendants") are subject to the jurisdiction and venue of this Court as they own property and regularly conduct business within this jurisdiction.

## FACTS

7. Plaintiff incorporates, by reference, all allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

8. On June 12, 2024, Defendants Mountain Cove and ACE owned and operated a waterpark in Minden, Fayette County, West Virginia, known as ACE Adventure Waterpark and alternatively designated as Wonderland Waterpark ("ACE Waterpark").

9. Defendants required visitors to ACE Waterpark to purchase tickets online before arriving. Tickets could be purchased by anyone for anyone else without that specific patron being involved in the purchasing process.

10. ACE Waterpark has various water related activities and rides that patrons can use including, but not limited to, a floating bounce balloon, referred to as "the blob," seen on the next page:



11. The blob is designed to function by having one person at the far end away from the jumping platform which moves the air inside the blob to the back of the blob. There must be a person on the far end of the blob for the air to be correctly moved. A person then jumps from a jumping platform onto the inflated back of the blob which this launches the person at the far end of the blob into the air, throwing them into the water. It is a common attraction at waterparks.

12. If a blob is not sufficiently inflated to manufacturer specifications, and/or patrons at waterparks are not properly and safely instructed on how to use the blob, they can be seriously injured while attempting to use it.

13. A user is not supposed to jump feet first onto the blob, as it could result in severe injuries to their legs and ankles. They are supposed to jump on their side/back end so that their weight is evenly distributed.

14. The above picture is of the blob and jumping platform at issue in this case, taken on the date at issue.

15. As can be clearly seen in the picture, there was no signage posted anywhere advising patrons how to safely use the blob.

16. On June 12, 2024, Ms. Spencer, then 25-years old, visited ACE Waterpark with members of her family as business invitees, patrons, and non-trespassing entrants. Ms. Spencer was on vacation that week camping in the area with her family.

17. Upon arrival at the waterpark, Ms. Spencer checked in and was told that a life jacket needed to be worn at all times when in the water. She was given no other instructions, warnings, and/or information of any kind regarding use of any of the facilities or activities at the waterpark.

18. Ms. Spencer and her family placed their items at a spot on the manmade beach and proceeded to various attractions.

19. Ms. Spencer was initially nervous, but another family member eventually convinced her it would be fun to jump on the blob.

20. Ms. Spencer and her family member climbed to the lower section of the jumping platform, which was approximately six (6) feet from the top of the blob.

21. As can be seen from the picture, an employee of the Defendants was present at the end of the jumping platform who could easily see the entire blob. This employee was supposed to be instructing patrons how to safely use the blob and then directing patrons when to jump onto the blob. The employee was not providing directions to the patrons on how to use the blob, however; the employee was carelessly talking with another person and just waving people in line on.

22. Upon information and belief, in addition to failing to instruct patrons on how to safely use the blob, Defendants also failed to follow the manufacturer recommendations on the proper installation, inflation, and maintenance of the blob.

23. Because none of the Defendants' employees were watching or properly instructing the patrons waiting in line, Ms. Spencer did not know that the person on the far end of the blob was not present and that it was not safe to jump.

24. Because she had not been given any instruction at all as to the safe manner in which to use the blob, Ms. Spencer jumped feet first from the platform, instead of on her side/backside as one is supposed to.

25. Because there was no one on the far end of the blob and it had not been properly inflated, as soon as Ms. Spencer's feet hit the blob, her ankles shattered, and she instantly began screaming in pain.

26.     The blob rolled Ms. Spencer into the water beside it, leaving her helpless in the water since she could not swim or save herself due to her shattered ankles. Thankfully, she had on a life vest.

27.     Ms. Spencer's mother saw this happen from the shore and watched her scream in pain as she fell into the water. Her sister's fiancée ran to help her, as no workers were coming to help her. An employee of the Defendants eventually came to assist him with getting Ms. Spencer out of the water.

28.     A good samaritan doctor who happened to be nearby heard Ms. Spencer screaming in pain and ran to provide any medical care he could until EMS arrived.

29.     Due to the severity of her injuries, an ambulance had to be called to transport Ms. Spencer to a hospital. EMS responders struggled to reach Ms. Spencer because the Defendants had not provided a clear emergency path for them to reach the water attractions. Throughout this wait, Ms. Spencer had to lie in excruciating pain from her shattered bones.

30.     Once at a hospital, it was determined that Ms. Spencer had suffered severe fractures and injuries to both of her ankles. She had to undergo multiple surgeries and extensive rehabilitation therapy to be able to walk again.

31.     As a direct result of the Defendants' actions, Ms. Spencer suffered serious injuries including acute trimalleolar fracture of both ankles with displaced fracture fragments, which required surgery to repair.

## COUNT I
## NEGLIGENCE, RECKLESSNESS, AND/OR INTENTIONAL CONDUCT

32.     Plaintiff incorporates, by reference, all allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

33. Defendants had a duty to properly manage the waterpark that they owned and operated.

34. Defendants failed to properly manage the waterpark in that they did not provide adequate instructions and/or warning signs in the area of ACE Waterpark where the inflatables were located.

35. Defendants' failure to have their attendants/employees provide clear and precise instructions and/or warnings to its patrons, including Ms. Spencer, constitutes a lack of institutional control over the waterpark.

36. Defendants had a duty to educate and warn patrons, including Ms. Spencer, of the dangers present at the waterpark that Defendants owned and operated.

37. Defendants failure to property instruct patrons on how to safety use the attractions which it provided to patrons created hidden dangers to patrons of the waterpark.

38. Defendants were reckless and grossly negligent in that they knew or should have known of the hidden dangers presented by the inflatables under the circumstances, as alleged above, and yet, the Defendants chose to post no warnings or to have any of its attendants/employees instruct or warn the patrons of the waterpark of the hidden danger.

39. The absence of signs posting information, instructions, and warnings amount to a failure by Defendants to warn ACE Waterpark guests of the dangers present at the waterpark.

40. At all relevant times, Defendants owed certain duties to Ms. Spencer and other members of the public who were invitees, patrons, and non-trespassing entrants at ACE Waterpark, including, but not limited to:

    a. a duty to design, construct, install, maintain, and operate a recreational water facility in a reasonably safe condition and in accordance with applicable laws, regulations, and safety standards;

      b.    a duty to provide sufficient space for system operations and patron traffic;

      c.    a duty to warn patrons of the dangers present at the waterpark that Defendants owned and operated;

      d.    a duty to provide patrons with properly trained attendants/employees who have the required competencies; and

      e.    a duty to provide appropriate training, instruction, guidance, communication, and monitoring of patrons using the waterpark.

41.    Defendants breached the duties owed to the public and Ms. Spencer by, among other things:

      a.    failing to design, construct, install, maintain, and operate a recreational water facility in a reasonably safe condition and in accordance with applicable laws, regulations, and safety standards;

      b.    failing to provide sufficient space for system operations and patron traffic;

      c.    failing to warn patrons of the dangers present at the waterpark that Defendants owned and operated;

      d.    failing to provide competent attendants/employees to train, instruct, and monitor patrons; and

      e.    failing to provide appropriate training, instruction, guidance, communication, and monitoring of patrons using the waterpark, including Ms. Spencer.

42.    Defendants' actions, omissions, and breach of the above-described duties were intentional, grossly negligent, and/or reckless.

43.    Defendants' intentional, grossly negligent and/or reckless breach of duties owed to the public and Ms. Spencer created hazardous conditions at ACE Waterpark.

44.    Defendants knew or should have been aware of the hazardous conditions created by their intentional, grossly negligent, and/or reckless acts or omissions.

45. Defendants' actions or omissions represent a conscious, reckless, and outrageous indifference to the health, safety, and welfare of the public which it invites into its property as paying patrons, including Ms. Spencer.

46. As a direct and proximate result of the Defendants' intentional conduct, their grossly negligent and/or reckless conduct and the incident described above, Ms. Spencer suffered serious injuries to her body, for which she has and will continue to experience and/or incur:

    a. medical expenses;

    b. pain and suffering;

    c. physical limitations;

    d. permanent injuries and impairment;

    e. diminished capacity to enjoy life;

    f. mental anguish and emotional distress;

    g. annoyance and inconvenience;

    h. lost wages; and

    i. other consequences and damages associated with her injuries as may be specified as this action progresses.

## COUNT II
## VIOLATION OF STATUTORY STANDARD OF CONDUCT & PRIMA FACIE NEGLIGENCE

47. Plaintiff incorporates, by reference, all allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

48. Pursuant to West Virginia Code § 16-4-4, 16-1-6, and 29A-3-1, the Secretary of the Department of Health and Human Resources is authorized to promulgate legislative rules and regulating recreational water facilities.

49. West Virginia Code of State Rules §§ 64-16-1, et seq., establishes the minimum requirements for the design, construction, management, and operation of recreational water facilities in the State of West Virginia. See West Virginia Code of State Rules § 64-16-1.1.

50. Pursuant to West Virginia Code of State Rules § 64-16-1.6, the legislative rules apply to owners and operators of recreational water facilities.

51. Pursuant to West Virginia Code of State Rules § 64-16-2.11a, a "recreational water facility" is defined as: "[a] body of water, under the control of a person, which has been modified, improved, constructed or installed for the purpose of public swimming or bathing. It includes, but is not limited to, bathing beaches; swimming, wading, and diving pools; waterslides, spray pools, lazy rivers, and wave pools; spas, hot tubs, therapeutic pools, hydrotherapy pools, and whirlpools; facilities operated by communities, subdivisions, apartment complexes, condominiums, clubs, camps, schools, institutions, parks, mobile home parks, hotels, and similar recreational and public facilities."

52. Defendants Mountain Cove and ACE operate a "recreational water facility" as those words are defined in West Virginia Code of State Rules § 64-16-2.11a in Minden, Fayette County, West Virginia where Ms. Spencer sustained injuries.

53. Pursuant to West Virginia Code of State Rules § 64-16-9.3, the operator of a recreational water facility shall supervise its patrons.

54. Pursuant to West Virginia Code of State Rules § 64-16-10.8, where a recreational water facility requires an admission fee, the recreational water facility shall provide certified lifeguards.

55. Pursuant to West Virginia Code of State Rules § 64-16-9.4, a recreational water facility shall prominently post rules applicable to patron behavior so as to be readily visible to patrons.

56. Pursuant to West Virginia Code of State Rules § 64-16-5.4a, conditions at recreational water facilities that endanger the life, health, or safety of patrons, warrant immediate closure.

57. Defendants Mountain Cove and ACE violated West Virginia Code of State Rules §§ 64-16-9.3, 64-16-10.8, 64-16-9.4, 64-16-10.4, and 64-16-5.4a by:

   a. failing to supervise and properly instruction their patrons, including Ms. Spencer, on the safe and proper use of the attractions that it offered them;

   b. failing to maintain equipment, including the smaller inflatable, in good repair with proper inflation; and

   c. not closing those parts of the recreational water facility that posed a danger to the life, health, and safety of patrons.

58. Defendants are prima facie negligent, in that they violated various Safety Statutes/ Regulations of the State of West Virginia as described above.

59. Defendants' wrongful conduct and violations of the applicable laws, regulations, and safety standards proximately caused the subject incident, as well as serious injuries and damages to Plaintiff as described above.

60. Defendants' wrongful acts and omissions constitute prima facie evidence of negligence and are actionable.

61. Defendants' actions and omissions represent a conscious, reckless, and outrageous indifference to the health, safety, and welfare of others, including Ms. Spencer.

WHEREFORE, Plaintiff, Leann Spencer, hereby requests that judgment be entered against Mountain Cove, Inc., and Defendant American-Canadian Expeditions, Ltd. d/b/a Ace Adventure Resort for the following:

    a.    compensatory damages in an amount to be determined by a jury;

    b.    punitive damages;

    c.    pre-judgment and post-judgment interest as allowed by law;

    d.    attorneys' fees, costs, and expenses incurred in connection with this action; and

    e.    such other and further relief as the Court deems just and appropriate under the circumstances.

**PLAINTIFF DEMANDS A JURY TRIAL.**

                                                                              **LEANN SPENCER,**
                                                                              By Counsel,

*/s/ J. Ryan Stewart*
J. Ryan Stewart (WVSB #10796)
Jayson T. Hamrick (WVSB# 13623)
BAILEY JAVINS & CARTER, L.C.
213 Hale Street
Charleston, WV 25301
Phone: (304) 345-0346
Fax: (304) 345-0375
jhamrick@bjc4u.com
rstewart@bjc4u.com
*Counsel for Plaintiff*